UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-229-H

E.I. DUPONT DE NUMOURS                                                                   PLAINTIFF
AND COMPANY

V.

MECHANICAL INTEGRITY, INC.,                                                             DEFENDANTS
NDT EQUIPMENT SERVICES, LTD.,
AND MIKE WALKER

**MEMORANDUM OPINION AND ORDER**

This case arose from a contract dispute between Plaintiff E.I. DuPont de Numours and Company ("DuPont") and Defendant Mechanical Integrity, Inc. ("MI"). DuPont hired MI to perform underground testing of a pipeline supplying its Louisville manufacturing plant with chloroform. A portion of the pipeline that MI claims was not to be tested under the agreement was corroded and leaked chloroform within two years of the initial testing. DuPont argues that MI had a duty to test that portion and testing would have revealed the problem, allowing DuPont to fix the pipeline before the expensive leak occurred. At this time, MI moves for leave to file a third-party complaint against Mechanical Integrity Quality Assurance, Inc. ("MIQA") and its employee, Gary Sandberg.

MIQA was hired by DuPont to prepare the pipeline for MI's subterranean testing and to conduct a visual inspection of the exposed portions of the pipeline. MI asserts that MIQA had the ability to interpret the testing report that it submitted to DuPont and MIQA's failure to do so resulted in DuPont's confusion over whether the portion of the pipeline that eventually leaked was tested. Further, MI claims that if MIQA had done a proper visual inspection of the pipeline,

1

it would have discovered the pipeline corrosion. Thus, according to MI, had MIQA properly inspected the pipeline, DuPont would have been alerted to the pipeline problems and would not have suffered the claimed injuries.

The events underlying this claim took place between 2004 and 2005. DuPont originally filed this action on June 1, 2007, in the United States District Court for the District of Delaware.[1] On April 28, 2008, the case was transferred to this Court. Discovery between MI and DuPont has been ongoing since the suit was originally filed in Delaware. On October 6, 2008, this Court entered a Litigation Plan and Discovery Schedule setting a deadline of December 1, 2008, to join additional parties or amend the pleadings. The discovery period closed on July 31, 2009. MI filed its motion for leave to file a third-party complaint on July 20, 2009, over seven and a half months after the deadline for joining additional parties. The motion was fully briefed and submitted to the Court August 25, 2009. Trial is set for December 14, 2009, less than one and half months from the current date.

MI admits that its motion is untimely. However, MI argues that leave should be granted because it was unaware of the role Mr. Sandberg and his company played in the testing until his deposition, which was conducted on June 10, 2009. They claim that information gained during the deposition gave a factual basis to their third-party claims against Mr. Sandberg and MIQA that they were unaware of prior to the deposition. The Court is not convinced that MI was unable to bring this action in a timely manner or that it was not on notice of the possibility that Mr. Sandberg and his employer could be appropriate parties in this case before the deposition.

---

[1]Although MI argues that the final amended complaint was not filed until March 10, 2009, and that should allow them leave to file a third-party complaint, the nature of the action has not changed since the original complaint filed in 2007. MI was clearly put on notice of the nature of DuPont's claims and the facts underlying it.

MI freely admits that it was aware that Mr. Sandberg was involved in this case as far back as 2004.  When the testing was conducted, Mr. Sandberg was one of MI's primary contacts at the site.  Moreover, on October 1, 2007, DuPont responded to MI's requests for interrogatories and informed MI, in plain terms, that Mr. Sandberg was not employed by DuPont and that Mr. Sandberg was present for and involved in the inspection process.  This information was ample to put MI on notice that Mr. Sandberg may have been involved in the case in October 2007 at the latest.  That allowed MI more than 14 months to conduct further discovery and determine whether MIQA should be joined as a party before the Court's December 1, 2009 deadline for joining additional parties.  MI's claim that it was unaware of Mr. Sandberg's involvement or that he was not employed by DuPont is not persuasive.

Moreover, to allow joinder of another party less than two months before the established trial date would work a significant prejudice on DuPont.  DuPont has fully complied with discovery requests and appears ready for trial.  Joining another party at this time would undoubtedly detail the start of the trial.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant MI's Motion for Leave to File a Third-Party Complaint against MIQA and Gary Sandberg is DENIED.

This is not a final order.

cc: Counsel of Record